## LAW OFFICES OF DAVID YAN
## ATTORNEY AT LAW

Members of NY & PA Bars　　　　　　　　　　　　　　　　　　　　　　Direct Dial:  (718) 888-7788
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email:  davidyanlawfirm@yahoo.com

May 2, 2018

**VIA ECF**

Honorable Judge Allyne R. Ross
United States District Court
Southern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Telephone: (718) 613-2380/2385

　　　　　　　RE:　　Request for Pre-Motion Conference to File Rule 12(b)(6) Motion
　　　　　　　　　　　　*Qinghai Zeng v. The Parc Hotel LLC, et al.*, 1:17-cv-07601-ARR-SMG

Dear Honorable Judge Allyne R. Ross:

I represent Defendant The Parc Hotel LLC in this case.  Pursuant to Your Honor's Individual Motion Practices and Rules, I write to request a pre-motion conference regarding defendant The Parc Hotel LLC's anticipated motion to dismiss Plaintiff's complaint.  Defendant The Parc Hotel LLC is seeking to dismiss Plaintiff's complaint on several grounds.  Specifically, as explained below, defendant The Parc Hotel LLC seeks dismissal of the entire complaint due to the Plaintiff's pleading infirmities.  Secondly, defendant The Parc Hotel LLC is seeking to dismiss Plaintiff's claims for record keeping requirements brought under the New York Labor Law ("NYLL"), for time of hire wage notice requirement brought under the NYLL, for New York Pay Stub Requirement brought under the NYLL, for fraudulent filing of IRS returns brought under 26 USC § 7434, and for deceptive acts and practices brought under New York General Business Law § 349.  Finally, defendant The Parc Hotel LLC is seeking to dismiss Plaintiff's claims for "spread of hours" payment.

As further provided in Your Honor's Rules, as Defendant The Parc Hotel LLC is required to move or file an answer to Plaintiff's Complaint on or about April 11, 2018, we write to confirm our understanding that this pre-motion letter serves to immediately stay that deadline or in the alternate, enlarge the time for Defendant The Parc Hotel LLC to answer until the disposition of the defendant The Parc Hotel LLC's Rule 12(b)(6) motion to dismiss.  Plaintiff's counsels have consented to the extension of defendant The Parc Hotel LLC's time to answer.

Next, Plaintiff throughout her Complaint collectively refers to the "Defendants" at all times and never once distinguishes between the conduct allegedly committed by defendant The Parc Hotel LLC and defendant CLA Commercial Cleaning, LLC, and on this basis the complaint should be dismissed in its entirety.  A claim cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "'plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Moreover, Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  This rule "demands

Case 1:17-cv-07601-ARR-SMG   Document 12   Filed 05/03/18   Page 2 of 3 PageID #: 49

PAGE 2 OF 3
TO:  HONORABLE JUDGE ALLYNE R. ROSS
RE:  *QINGHAI ZENG V. THE PARC HOTEL LLC, ET AL.*, 1:17-CV-07601-ARR-SMG
DATE:  MAY 2, 2018

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschroft,* 556 U.S. 662, 678 (quoting *Twombly* at 555.)  For this reason, Plaintiff's claims as against the Defendants, whereby she does not allege conduct attributable to each specific Defendant, and indeed, conflates the conduct of the Defendants with individual defendant Robert Wittish, should be dismissed in its entirety for failure to state a claim.

Defendant The Parc Hotel LLC is a hotel providing accommodations, meals, and other services for travelers and tourists.  The Parc Hotel LLC has never hired or paid plaintiff Qinghai Zeng ("Plaintiff").  Defendant The Parc Hotel LLC contracted defendant CLA Commercial Cleaning, LLC to provide the cleaning services to Defendant The Parc Hotel LLC.  Pursuant to the contract between The Parc Hotel LLC and CLA Commercial Cleaning, LLC, The Parc Hotel LLC would pay CLA Commercial Cleaning, LLC monthly when CLA Commercial Cleaning, LLC sent invoices to The Parc Hotel LLC.  The Parc Hotel LLC did not have any information of employees of CLA Commercial Cleaning, LLC.  The Parc Hotel LLC had never participated in any hiring, scheduling, deciding the rate of pay, and discharging of the CLA Commercial Cleaning, LLC's employees who worked in the site of The Parc Hotel LLC.  CLA Commercial Cleaning, LLC would provide their employees, including the Plaintiff, all uniforms, cleaning supplies, cleaning cars, washing machines, vacuums, and other equipments used in the site of The Parc Hotel LLC.  CLA Commercial Cleaning, LLC would send two supervisors to work in The Parc Hotel LLC every day.  CLA Commercial Cleaning, LLC's two supervisors on the site of The Parc Hotel LLC would do the inspection, coordinating arrangements of housekeeping and their employees, taking feedback and solving problems.

Therefore, Plaintiff's claims against defendant The Parc Hotel LLC should be dismissed on the grounds that Plaintiff has failed to set forth sufficient facts to support Plaintiff's allegations that defendant The Parc Hotel LLC is an employer under the FLSA.  "To be held liable under the FLSA, a person must be an "employer," which §3(d) of the statute defines . . . as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'"  *Herman v. RSR Sec. Services Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (citing 29 U.S.C. § 203(d)).  When determining whether an entity qualifies as an "employer" under the FLSA, courts follow the "economic reality" test, under which courts inquire whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (internal quotation marks and citations omitted).

However, "[m]ere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details – essentially 'a formulaic recitation of the elements of a cause of action' – are insufficient to raise [a plaintiff's] right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA." *Tracy v. NVR, Inc.,* 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009), quoting *Twombly*, 550 U.S. at 544. "To state a claim under the FLSA [or NYLL], [a] plaintiff must allege that . . . [i]ndividual [d]efendants 'possessed the power to control the workers in question.'" *Lin v. Comprehensive Health Mgt., Inc.*, 2009 WL 976835, at

Case 1:17-cv-07601-ARR-SMG   Document 12   Filed 05/03/18   Page 3 of 3 PageID #: 50

PAGE 3 OF 3
TO: HONORABLE JUDGE ALLYNE R. ROSS
RE: *QINGHAI ZENG V. THE PARC HOTEL LLC, ET AL.*, 1:17-CV-07601-ARR-SMG
DATE: MAY 2, 2018

*2, quoting *Herman*, 172 F.2d at 139.  "Mere conclusory assertions are insufficient." *Comprehensive Health Mgt.,* 2009 WL 976835, at *2.

Although defendant The Parc Hotel LLC is an entity, legal precedents regarding employer status of individual defendants still apply to the entity defendants in the instant case.

Here, Plaintiff has pled her claims as to defendant The Parc Hotel LLC in precisely the conclusory, vague manner that warrants dismissal under *Tracy*.  Plaintiff has failed to plead any allegations in the Complaint with respect to defendant The Parc Hotel LLC which give rise to a plausible claim that The Parc Hotel LLC was the Plaintiff's employer under the economic reality test.  Instead, Plaintiff merely puts forth the prongs of the economic reality test:

> "Plaintiff was employed by CLA COMMERCIAL CLEANING, LLC d/b/a CLA Commercial Cleaning, a contracting company, and works exclusively at THE PARC HOTEL LLC d/b/a Parc Hotel located at 3916 College Point Blvd, Flushing, NY 11354 as a cleaning aide." (DE 1, ¶¶ 9 and 14.).  Plaintiff alleged a theory of "joint employer" against defendant The Parc Hotel LLC with boiler plate language.  (DE 1, ¶¶ 14-17.)

Finally, Plaintiff's spread of hours claim should be dismissed because there are no allegations in the complaint to support a claim for spread of hours, which requires that Plaintiff allege that she worked in excess of ten hours each day.  Plaintiff has only alleged that she worked 8.5 hours per day.  (DE 1, ¶¶ 33, 39.).

For the foregoing reasons, Defendants respectfully request a pre-motion conference to discuss the Defendants' intended motion.

Thank you for Your Honor's attention in this matter.

Respectfully submitted,

/s/ David Yan

David Yan


cc.:  John Troy, Esq., counsel for Plaintiff, CM/ECF.