

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

May 14, 2018

**VIA ECF**
Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Brian J. Turoff

**T 212.503.0557**
**F 212.307.5598**
bjturoff@venable.com

      Re:    *Qinghai Zeng v. The Parc Hotel et al.*, Case No. 17-cv-07601 (ARR)(SMG)
             Opposition to Defendant The Parc Hotel's Pre-Motion Letter

Dear Judge Ross:

      We are counsel to Defendant CLA Commercial Cleaning, LLC ("CLA Cleaning") in the above-referenced matter.  We are in receipt of Defendant The Parc Hotel's (the "Parc Hotel" or the "Hotel") May 3, 2018 request for a pre-motion conference concerning its requested motion to dismiss the complaint (the "Complaint").  *See* Docket No. 12.  Pursuant to Rule III(A) of this Court's Individual Practices and Rules, CLA Cleaning submits this letter in opposition to Parc Hotel's request to move to dismiss the Complaint.

    1. *The Parc Hotel's Letter Relies on, and Misrepresents, the Contract Delineating the Roles and Responsibilities of Each Corporate Defendant.*

      The Complaint alleges that the Parc Hotel entered into a contract with CLA pursuant to which CLA was to provide commercial cleaning services to the Parc Hotel (the "Contract").  Compl., ¶ 15.[1]  The Parc Hotel's pre-motion letter and, by extension, its would-be motion to dismiss, rely on unsupported assertions about (and, for that matter, mischaracterizations of) the Contract's provisions – mischaracterizations which, by definition, would require the Court to make factual findings to resolve the Hotel's intended motion.  Such an analysis is clearly inappropriate at this stage of the litigation.  *Anilao v. Spota*, 774 F. Supp. 2d 457, 493 (E.D.N.Y. 2011) (denying defendant's claim in motion to dismiss based on an insufficient factual basis and the need for additional factual discovery).

      For example, the Parc Hotel's pre-motion letter asserts that it did not have information regarding any employees who performed services at the Hotel and did not participate in hiring, scheduling, deciding the rate of pay, and discharging of employees.  *See* Pre-Motion Letter at 2.  Contrarily, the Contract provides that "planning, organization, control and coordination of the cleaning requirements and maintenance services . . . shall be determined by the [CLA Cleaning Site Supervisor] *in conjunction with the directions, requests, and suggestions*" of the Parc Hotel.

---

[1] Page 4 of 20 of the Complaint contains two paragraphs numbered "15".  This citation is to the second in sequence.



Hon. Allyne R. Ross
May 14, 2018
Page 2

The Contract further provides that "any changes to staffing . . . or [scope of work] must be approved by the Parc Hotel." *Id*. These excerpts instantly highlight a factual dispute that defies resolution at the motion-to-dismiss stage. Indeed, the Parc Hotel's responsibilities as described in the Contract are hallmarks of an employment relationship and, as such, warrant the rejection of the grounds upon which the Parc Hotel seeks to move to dismiss. *See Murphy v. HeartShare Human Servs. of N.Y.*, 254 F.Supp.3d 392, 396-97 (E.D.N.Y. 2017). It is similarly well-settled that the Court should not look beyond the four corners of the Complaint to interpret documents that are not properly incorporated by reference into the Complaint. *See, e.g., Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273 (S.D.N.Y. 2002) (emphasizing the need for *substantial* references to a document in order for a court to consider the document properly incorporated by reference); *see also Xiotech Corp. v. Express Data Prods. Corp., ESI*, LLC, 11 F. Supp. 3d 225, 233-34 (N.D.N.Y. 2014). Here, a mere mention of the Contract clearly does not suffice.

   2. *Any Determination of the Co-Defendant's Status as an Employer Necessarily Requires Factual Findings.*

In a related vein, under the law governing the analysis of employer and joint employer relationships, the Contract is not controlling. To the contrary, the law requires that the Court look beyond the four corners of the Contract and, instead, analyze the day-to-day realities of the co-defendants' relationship. *See Brown v. Daikin Am. Inc.,* 756 F.3d 219, 226 (2d Cir. 2014) (finding that the issue of joint employer status "is generally a question of fact not suitable to resolution on a motion to dismiss"); *Zheng v. Liberty Apparel Company*, Inc., 355 F.3d 61, 71 (2d Cir. 2003) ("The determination [of joint employer status] is to be based on the circumstances of the whole activity") (citations and quotations omitted); *see also Marin v. APU Foods Corp.*, 17-CV-3224 (MKB) (SMG), 2018 U.S. Dist. LEXIS 31891, at *5-6 (E.D.N.Y. Feb. 26, 2018) ("In evaluating employer status on a motion to dismiss, the Court should be mindful of the fact-intensive nature of the joint-employer inquiry") (citations omitted). Accordingly, the Parc Hotel should not be granted the opportunity to move to dismiss merely because it summarily proclaims that it is not an employer; such a determination requires the development and analysis of factual evidence.

Indeed, as the Parc Hotel acknowledges, the determination of employer status rests on the economic realities of the relationship between the co-defendants, including whether the Parc Hotel had the power to hire and fire employees, supervised and controlled work schedules, and/or determined the rate and method of payment. *See Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (citations and quotations omitted). In this regard, the Complaint itself alleges that Plaintiff worked exclusively on Parc Hotel premises, and that the Parc Hotel



Hon. Allyne R. Ross
May 14, 2018
Page 3

determined the work schedule and day-to-day duties of the Plaintiff. *See* Compl., ¶¶ 16, 17;[2] *see also Cooper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 464-65 (E.D.N.Y. 2015). Thus, again, the Parc Hotel's would-be motion necessarily requires the Court to look beyond the Contract and make determinations of fact as to the economic realities of the Parties' relationships. Such an inquiry is clearly inappropriate at this stage of the proceeding. *See Daikin Am. Inc.*, 756 F.3d at 226; *see also Marin*, 2018 U.S. Dist. LEXIS 31891 at *5-6.

To be clear, CLA Cleaning ardently maintains that the Complaint in this matter is without merit. Nonetheless, it is equally clear that the Parc Hotel's asserted grounds for seeking dismissal of the Complaint would require the Court to look outside the pleadings to make determinations of fact as to the relationship between the Plaintiff and the two co-defendants. Such a determination can only be made after discovery. *Salvat v. Constr. Res. Corp.*, 17-CV-4002 (VEC), 2017 U.S. Dist. LEXIS 201831, at *6 (S.D.N.Y. Dec. 7, 2017) ("Whether a . . . business qualifies as a 'joint employer' is fact-intensive and ordinarily not appropriately resolved at the pleading stage") (citations and quotations omitted); *Al-Kaysey v. L-3 Servs. Inc.*, 11 Civ. 6318 (RRM), 2013 U.S. Dist. LEXIS 141037, at *9 (E.D.N.Y. Sept. 27, 2013); *see also Benitez v. Demco of Riverdale, LLC*, 14 Civ. 7074 (CM), 2015 U.S. Dist. LEXIS 20325, at *4 (S.D.N.Y. Feb. 19, 2015).

## Conclusion

Based on the foregoing, CLA Cleaning respectfully asserts that the Court cannot, at this stage, properly ascertain, nor can the Parc Hotel properly introduce, all of the relevant facts necessary to decide a proposed motion to dismiss. Therefore, CLA Cleaning respectfully requests that the Court deny the Parc Hotel's request to move to dismiss. We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/*Brian J. Turoff*
Brian J. Turoff

cc:   David Yan, Esq. (via ECF)
      *Attorney for Defendant The Parc Hotel LLC*

   John Troy, Esq. (via ECF)
   *Attorney for Plaintiff*

---

[2] The Complaint contains two paragraphs numbered "16" and "17". This citation is to paragraphs "16" and "17" appearing on page 4 of 20.