**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

May 14, 2018

**Via ECF**
Hon. Allyne R. Ross, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Plaintiff's Opposition to Defendant The Parc Hotel LLC's Request for Pre-Motion Conference to File Rule 12(b)(6) Motion**
            1:17-cv-07601-ARR-SMG *Zeng v. The Parc Hotel LLC, et al*

Your Honor,

      This office represents the plaintiff in the above-captioned matter. We write respectfully to respond to Defendant The Parc Hotel LLC's (the "Moving Defendant's") Request for Pre-Motion Conference to File Rule 12(b)(6) Motion. Moving Defendant seeks to dismiss: (1) the entire complaint due to pleading infirmities; (2) Plaintiff's claims Counts VI through X for recordkeeping violations under the NYLL, violations of time-of-hire wage notice requirement under the NYLL, violations of the paystub requirement under the NYLL, fraudulent filing of IRS returns under the IRC, and deceptive acts and practices under the NYGBL; and (3) Plaintiff's claims Count V for failure to pay Plaintiff "spread of hours" under the NYLL. As discussed below, Defendant's theories as to why the Complaint should be dismissed are not sufficient and Defendant should not be permitted to move this Court to dismiss.

    1. **Pleading Generally**

      As a general matter, the Moving Defendant can only move on behalf of itself, and not to dismiss the claims against the non-moving Defendants. Nor does it seem, despite the expansiveness of their language (aiming to dismiss "the entire complaint"), that the Moving Defendant claims that Plaintiff fails to make out a claim under the FLSA. They cannot do so, because Plaintiff has alleged specific times worked per day and days worked per week that put her over 40 hours per week, and that she was not paid overtime at the statutory rate. *See* Cplt. ¶¶ 32–40. Rather, the essence of the Moving Defendants' motion is that they are not liable for CLA Commercial Cleaning LLC's FLSA violations as joint employers.

      Plaintiff has plead that she was jointly employed by CLA Commercial Cleaning LLC and Parc Hotel LLC. *See* Cplt. ¶¶ 14–17. Specifically, Plaintiff has pled the following particular facts: that she worked exclusively at the Parc Hotel; that the work she performed was determined by the needs of the Parc Hotel, that her work was essential to the day-to-day operations of the Parc Hotel; and that Parc Hotel LLC had substantial control over Plaintiff's employment conditions and CLA Commercial Cleaning LLC's operations and supervision of Plaintiff. *Id.* ¶¶ 16, 17.

Hon. Allyne R. Ross, U.S.D.J.
May 14, 2018
1:17-cv-07601-ARR-SMG *Zeng v. The Parc Hotel LLC, et al*
Page 2 of 3

In the Second Circuit, the following factors are used to determine if a principal company is a joint employer of a subcontractor's employees: "(1) whether [the principal's] premises and equipment were used for plaintiffs' work; (2) whether the [subcontractor] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the principal's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the principal] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the principal]." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003). When these factors weigh in plaintiffs' favor, "they indicate in that an entity has functional control over workers even in the absence of the formal control measured by the *Carter* factors." *Id.* (emphasis added).

In this case, the first, third, and sixth factors weigh decisively in the Plaintiff's favor. Plaintiff worked exclusively at the Parc Hotel and used its premises in her work (which was, in fact, cleaning its premises). See Cplt. ¶¶ 9, 14. Plaintiff's work was integral to the Parc Hotel's business. The Parc Hotel could not provide accommodations to travelers and tourists without workers to clean its rooms. As for the fifth factor, plaintiff has pled that the Parc Hotel "had substantial control of day to day supervision, operations, and employment conditions of Plaintiff with … CLA Commercial Cleaning." *Id.* at ¶ 17.

For the foregoing reasons, the Moving Defendant should not be permitted to move to dismiss the entirety of Plaintiff's complaint.

2. **Plaintiff's claims Counts VI through X**

The Moving Defendant does not actually argue for why Plaintiffs' claims Counts VI through X should be dismissed. It merely states in a conclusory fashion in the first paragraph of its letter that they should be, then never revisits the topic. Moving Defendant should not be permitted to move to dismiss on grounds that it has not adequately raised to the Court and to which Plaintiff has not had the opportunity to respond.

3. **Plaintiff's claims Count V**

Moving Defendant misreads the Hospitality Industry Wage Order. The "spread of hours" is not the total number of hours worked in a day, but the interval of time from when an employee's work starts to when it ends. Plaintiff has pled her regularly scheduled working time, but as a hotel room attendant, her actual working time would vary depending on the state and number of the rooms that need cleaning, and her spread of hours in a particularly heavy day might be 10 hours or more.

For the foregoing reasons, the Moving Defendant should not be permitted to move to dismiss.

We thank the Court for its attention to and consideration of this matter.

Hon. Allyne R. Ross, U.S.D.J.
May 14, 2018
1:17-cv-07601-ARR-SMG *Zeng v. The Parc Hotel LLC, et al*
Page 3 of 3

                                            Respectfully submitted,
                                            TROY LAW, PLLC

                                            /s/ John Troy
                                            John Troy
                                            *Attorney for Plaintiffs*

cc:  via ECF
     all counsel of record