

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

July 24, 2018

**T 212.503.0674**
**F 212.307.5598**
BEStockman@venable.com

**VIA ECF**
Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Qinghai Zeng v. The Parc Hotel, et al.*, 17 Civ. 07601 (ARR)(SMG)

Dear Judge Gold:

   We are counsel to defendant CLA Commercial Cleaning ("CLA") in the above-referenced matter.  In furtherance of Your Honor's minute entry dated July 10, 2018 (Dkt. # 24), CLA writes regarding Plaintiff's proposed Second Amended Complaint ("SAC"), served upon the undersigned pursuant to the aforementioned minute entry.

   During the Initial Conference in this matter, Your Honor identified paragraphs 31 and 37 of the First Amended Complaint ("FAC")(Dkt. # 19) as containing inconsistent factual allegations that rendered the pleading confusing and potentially subject to dismissal on motion.  In further discussions at the Conference, defense counsel also identified several claims in the FAC that Judge Ross had previously indicated were insufficiently pled and, as such, vulnerable to dismissal on motion.  In response, Plaintiff's counsel then agreed to cure these deficiencies in the SAC, and the Court ordered Plaintiff to do so by July 17th.  The Court, in turn, allotted CLA one week to review the SAC and indicate by letter to the Court whether it objected to the proposed pleading.  (Dkt. #24.)

   Defendant since has received and reviewed Plaintiff's SAC, a copy of which is annexed hereto.  Paragraphs 31 and 37 of the SAC continue to assert the contradictory factual allegations that prompted the Court to order Plaintiff to revise the FAC in the first instance.  While these pleading issues persist, the SAC does drop the claims that Judge Ross previously identified as non-viable.

   While CLA objects to the SAC because it fails to cure the contradictions in paragraphs 31 and 37, CLA respectfully submits that briefing on the proposed amended pleading would not be the most efficient use of judicial resources.  Accordingly, as an alternative, CLA respectfully requests that the Court order Plaintiff to amend its pleading one final time to cure the deficiencies in paragraphs 31 and 37, and, in turn, allow CLA one week to review the revised SAC and inform the Court whether it considers it to be objectionable.



Honorable Steven M. Gold
July 24, 2018
Page 2


On behalf of Defendant CLA, we thank the Court for its consideration in this matter.

Sincerely,

/s/*Benjamin E. Stockman*
Benjamin Stockman

Enc.

cc:     John Troy, Esq., *attorney for Plaintiff* (By ECF)
        David Yan, Esq., *attorney for Defendant Parc Hotel* (By ECF)