UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
QINGHAI ZENG,
*on behalf of herself and others similarly situated*,

                     Plaintiff,

                v.

CLA COMMERCIAL CLEANING, LLC,
d/b/a CLA Commercial Cleaning, and
ROBERT WITTISH,

                     Defendants.
------------------------------------------------------------x

CLA COMMERCIAL CLEANING, LLC,
d/b/a CLA Commercial Cleaning,

                     Third-Party Plaintiff,

                v.

THE PARC HOTEL LLC, d/b/a The Parc
Hotel, and REAL HOSPITALITY GROUP,

                     Third-Party Defendants.
------------------------------------------------------------x

Case No. 17-CV-07601
(ARR) (SMG)

**THIRD-PARTY COMPLAINT**

**JURY TRIAL DEMANDED**

        Defendant/Third-Party Plaintiff CLA Commercial Cleaning LLC ("CLA Commercial Cleaning" or "CLA") by and through its counsel, Venable LLP, hereby brings this third-party complaint ("TPC") against The Parc Hotel LLC (the "Parc Hotel") and Real Hospitality Group LLC ("RHG," and collectively with the Parc Hotel, "Third-Party Defendants") pursuant to Federal Rules of Civil Procedure ("FRCP") 14(a), seeking indemnification and/or contribution with regard to certain claims brought against CLA Commercial Cleaning by Plaintiff Qinghai Zeng ("Plaintiff").

## INTRODUCTION

1. On January 8, 2018, Plaintiff Qinghai Zeng filed a Complaint against the Parc Hotel and CLA Commercial Cleaning (the "Original Complaint").

2. Plaintiff Qinghai Zeng alleged that the Parc Hotel and CLA Commercial Cleaning were her joint employers.

3. Plaintiff Qinghai Zeng alleged that she worked only at the Parc Hotel.

4. Plaintiff Qinghai Zeng alleged that her work schedule was determined by the business necessity of the Parc Hotel, and that her work was essential to the day-to-day operation of the Parc Hotel.

5. Plaintiff Qinghai Zeng alleged that the Parc Hotel had substantial control of her day to day supervision, operations, and employment conditions.

6. On May 24, 2018, Plaintiff Qinghai Zeng filed an Amended Complaint (the "Amended Complaint"), dropping the Parc Hotel as a Defendant in the action. Despite Plaintiff's allegations against the Parc Hotel in the Original Complaint, Plaintiff provided no explanation for this change. (Dkt. # 19.)

7. The Amended Complaint alleges violations of (i) the minimum wage obligations under 29 U.S.C. § 201 *et seq.,* the Fair Labor Standards Act ("FLSA"); (ii) the minimum wage obligations under New York Labor Law ("NYLL"); (iii) the overtime payment obligations under the FLSA; (iv) the overtime payment obligations under NYLL; (v) the spread-of-hours obligations under NYLL; (vi) the record-keeping requirements under NYLL; (vii) the wage notice requirements under NYLL; (viii) the pay statement requirements under NYLL; (ix) 26 U.S.C. § 7434; and (x) New York General Business Law § 349. (Dkt. # 19.)

8. Per the Court's minute entry dated July 10, 2018, the Court directed Plaintiff to serve a proposed Second Amended Complaint ("SAC") on Defendant, in order to address certain

deficiencies in the Amended Complaint. (Dkt. # 24.)

9. Plaintiff served Defendant with the proposed SAC on July 17, 2018. The SAC alleges violations of (i) the minimum wage obligations under 29 U.S.C. § 201 *et seq.,* the Fair Labor Standards Act ("FLSA"); (ii) the minimum wage obligations under New York Labor Law ("NYLL"); (iii) the overtime payment obligations under the FLSA; (iv) the overtime payment obligations under NYLL; (v) the wage notice requirements under NYLL; (vi) the pay statement requirements under NYLL; but *omits* Plaintiff's previously-alleged violations of (vii) the spread-of-hours obligations under NYLL; (viii) the record-keeping requirements under NYLL; (ix) 26 U.S.C. § 7434; and (x) New York General Business Law § 349. (Dkt. # 24.)

## JURISDICTION AND VENUE

10. This Court has supplemental jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1367(a).

11. Venue is based on the Amended Complaint, and is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because the events giving rise to this action occurred therein.

## THE PARTIES

12. CLA Commercial Cleaning is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 347 West 36th Street, Suite 502, New York, NY 10018.

13. Third-Party Defendant the Parc Hotel is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 39-14 College Point Boulevard, Flushing, NY 11364.

14. Third-Party Defendant RHG is a limited liability company organized and existing under the laws of the State of Delaware with a corporate office located at 341 West 38th Street, 12th Floor, New York, NY 10018.

## STATEMENT OF FACTS

15. At all times relevant to the claims set forth in this Third Party Complaint, Plaintiff was assigned to work at the Parc Hotel.

*The Parc Hotel LLC*

16. In or around September 2014, CLA Commercial Cleaning contracted with the Parc Hotel to provide cleaning personnel to the Parc Hotel at the Parc Hotel's principal place of business (such contract, the "Service Agreement").

17. Once cleaning personnel were placed at the Parc Hotel, the Parc Hotel directed and/or controlled such individuals' day-to-day employment.

18. Specifically, under the Service Agreement, persons staffed at the Parc Hotel were subject to the Hotel's direction and authority regarding the planning, organization, control, and coordination of the cleaning requirements and maintenance services at the Parc Hotel.

19. Under the Service Agreement, any changes to staffing, equipment, supplies, or the scope of work of CLA-supplied cleaning personnel had to be approved by the Parc Hotel prior to a change being made.

20. During Plaintiff's employment at the Parc Hotel, and in furtherance of the Parc Hotel's supervisory and managerial authority, the Parc Hotel had ultimate authority over hiring and firing of cleaning personnel, scheduled breaks and meal periods, ordered supplies, and directed Plaintiff's tasks.

21. At all times relevant to Plaintiff's work at the Parc Hotel, the Parc Hotel determined and controlled the wage rate at which Plaintiff would be compensated, employment

policies to which Plaintiff was subject, and Plaintiff's work schedule, working hours, and, if any, amount of overtime work.

22. The Parc Hotel handled matters relating to the time records reflecting Plaintiff's work at the Parc Hotel, including reviewing Plaintiff's timesheets for accuracy relative to the hours that Plaintiff worked, approving such timesheets, preparing such timesheets for submission to CLA Commercial Cleaning, and then submitting such timesheets to CLA Commercial Cleaning.

23. The Parc Hotel possessed the requisite knowledge and information regarding the day-to-day cleaning needs of its premises. As such, at all times relevant to Plaintiff's employment at the Parc Hotel, the Parc Hotel supervised and controlled the details of the work being performed by Plaintiff.

24. Under the Service Agreement, Plaintiff performed work at the Parc Hotel's premises only; Plaintiff did not perform any work on the premises of CLA Commercial Cleaning.

25. Plaintiff's services were integral to the Parc Hotel's operation of the Hotel and the Parc Hotel maintained control over Plaintiff's performance of such services.

*Real Hospitality Group*

26. Upon information and belief, RHG operates the Parc Hotel.

27. At all times relevant to the claims set forth herein, RHG established the policies by which the Parc Hotel operated its business, including the standards and expectations for daily cleaning, upkeep, and maintenance of the Parc Hotel's premises.

28. At all times relevant to the claims set forth herein, RHG supplied and controlled the management personnel who ran the Parc Hotel's day-to-day operations.

5

29. Upon information and belief, RHG exercised control over the terms and conditions of Plaintiff's work at the Parc Hotel as alleged in the preceding paragraphs.

*The Parc Hotel and RHG Jointly Employed Plaintiff*

30. Without conceding the truth of the factual allegations contained in the Amended Complaint, upon information and belief, and in violation of its contractual obligations to CLA Commercial Cleaning, to the extent that Plaintiff's rights under the FLSA were violated, the Parc Hotel and, in its management of the the Parc Hotel, RHG, committed and are thus liable for such violations.

31. Without conceding the truth of the factual allegations contained in the Amended Complaint, upon information and belief, and in violation of its contractual obligations to CLA Commercial Cleaning, to the extent Plaintiff's rights under the NYLL were violated, including, but not limited to, the Minimum Wage Order and the Wage Theft Prevention Act, the Parc Hotel and, in its management of the the Parc Hotel, RHG, committed such violations.

32. In particular, and without conceding the truth of the factual allegations contained in the Amended Complaint, to the extent that there was a failure to accurately report any overtime hours which may have been worked by Plaintiff and/or a failure to maintain accurate records accounting for the hours that Plaintiff actually worked, the Parc Hotel and, in its management of the the Parc Hotel, RHG, committed such failures.

33. In particular, and without conceding the truth of the factual allegations contained in the Amended Complaint, to the extent that there was a failure to provide Plaintiff with an accurate wage statement and/or a failure to notify Plaintiff of her rate of pay and/or other information required under NYLL § 195, the Parc Hotel and, in its management of the the Parc Hotel, RHG, caused such failures.

6

**FIRST CAUSE OF ACTION**

34. CLA Commercial Cleaning hereby repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs with the same full force and effect as if fully set forth herein.

35. At all times relevant to this action, the Parc Hotel and RHG employed Plaintiff under the definition of the FLSA, NYLL and the law of this Circuit, and are therefore responsible for the violations alleged by Plaintiff in the Amended Complaint, if any liability is ultimately found to exist.

36. At all times relevant to this action, CLA Commercial Cleaning relied upon the Parc Hotel, as managed by RHG as a joint employer, to control the terms and conditions of Plaintiff's employment, including the planning, organization, control, and coordination of Plaintiff's cleaning requirements and maintenance services at the Parc Hotel, and the reporting of Plaintiff's hours for the purposes of determining the wages to be paid to Plaintiff.

37. In the event that Plaintiff recovers damages against CLA Commercial Cleaning in connection with the allegations set forth in the Amended Complaint, any such damages will have been caused by the wrongful actions or omissions of the Parc Hotel and/or RHG.

38. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, the Parc Hotel and, in its management of the Parc Hotel, RHG, were responsible for any failure to keep proper time records and accurately report Plaintiff's hours worked, as CLA Commercial Cleaning relied on their representations regarding the terms and conditions of Plaintiff's employment.

39. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, the Parc Hotel and, in its management of the Parc Hotel, RHG, were responsible for any failure to provide Plaintiff with accurate wage statements.

40. Based on the Parc Hotel's and RHG's status as Plaintiff's employers, as well as any acts and/or omissions described herein, the Parc Hotel and RHG are directly liable to Plaintiff for any and all damages that may result from the Amended Complaint or the proposed SAC.

41. Any culpability of CLA Commercial Cleaning will only be secondary, if at all, and the culpable acts of the Parc Hotel and RHG will have been primary. In the event that Plaintiff recovers damages against CLA Commercial Cleaning in connection with the allegations set forth in the Amended Complaint or the proposed SAC, then CLA Commercial Cleaning will have been injured. CLA Commercial Cleaning therefore seeks as a third-party plaintiff, indemnification for any and all amounts that CLA Commercial Cleaning may have to pay to Plaintiff or, in the alternative, contribution on a proportionate basis, toward any and all amounts CLA Commercial Cleaning may ultimately be required to pay to Plaintiff.

## SECOND CAUSE OF ACTION

42. CLA Commercial Cleaning hereby repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs with the same full force and effect as if fully set forth herein.

43. In writing, as set forth in the Service Agreement, persons staffed at the Parc Hotel were subject to the Hotel's direction and authority regarding the planning, organization, control, and coordination of the cleaning requirements and maintenance services at the Parc Hotel.

44. In writing, as set forth in the Service Agreement, the Parc Hotel agreed to approve changes to staffing, equipment, supplies, or the scope of work of Plaintiff.

45. The Service Agreement states, "The parties agree that this Agreement shall not be construed as making either party an agent of the other party, or as giving the right to one party to

legally bind the other in any manner or to incur debts, charges, expenses, or liabilities on behalf of the other."

46. In the event that Plaintiff recovers damages against CLA Commercial Cleaning in connection with the allegations set forth in the Amended Complaint or the proposed SAC, any such damages will have been caused by the wrongful actions or omissions of the Parc Hotel and/or RHG.

47. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent that the Parc Hotel and, in its management of the Parc Hotel, RHG, violated the obligation to pay Plaintiff minimum wage under the FLSA, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

48. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent the Parc Hotel and, in its management of the Parc Hotel, RHG, violated the obligation to pay Plaintiff minimum wage under the NYLL, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

49. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent the Parc Hotel and, in its management of the Parc Hotel, RHG, violated the obligation to pay Plaintiff overtime under the FLSA, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

50. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent the Parc Hotel and, in its management of the Parc Hotel, RHG, violated the obligation to pay Plaintiff overtime under the NYLL, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

51. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent the Parc Hotel and, in its management of the Parc Hotel,

RHG, violated the obligation to pay Plaintiff spread of hours pay under the NYLL, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

52. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent the Parc Hotel and, in its management of the Parc Hotel, RHG, violated the record-keeping obligations under the NYLL, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

53. Without conceding the truth of the factual allegations in the Amended Complaint or the proposed SAC, to the extent the Parc Hotel and, in its management of the Parc Hotel, RHG, caused a violation of the pay statement obligations under the NYLL, such action or inaction constitutes a breach of the terms and conditions of the Service Agreement.

54. Therefore, the Parc Hotel and, in its management of the Parc Hotel, RHG, has breached the Service Agreement.

55. Plaintiff's claims in the Amended Complaint or the proposed SAC, if proven, constitute a breach of the Service Agreement, as any liability attributed to CLA Commercial Cleaning as a result of this Action will have directly resulted from the actions of the Parc Hotel and RHG.

**PRAYER FOR RELIEF**

WHEREFORE, CLA Commercial Cleaning prays for (i) judgment against Third-Party Defendants the Parc Hotel and RHG, together with costs, expenses, disbursements, and legal fees incurred in defense of this action, (ii) awarding compensation for any and all damages, injury, or harm incurred as a result of the Third-Party Defendants' acts and/or omissions, (iii) and for such other and further relief as this Court may deem just and proper in order to cure the damages

arising from the Third-Party Defendants' acts and/or omissions described herein.

Dated: July 24, 2018
      New York, New York

VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(212) 307-5500

By:   /s/*Brian J. Turoff*
Brian J. Turoff
bjturoff@venable.com
Benjamin E. Stockman
bestockman@venable.com
Allison B. Gotfried
abgotfried@venable.com

*Attorneys for Defendant/Third-Party Plaintiff CLA Commercial Cleaning, LLC*