# manatt

Samantha J. Katze
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4579
Direct Facsimile: (212) 790-6579
E-mail: SKatze@manatt.com

August 24, 2018

**VIA ECF**

Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 13-D
Brooklyn, New York 11201

Re: *Zeng v. The Parc Hotel, et al.*, 17 Civ. 07601(ARR)(SMG)

Dear Judge Gold:

We represent Defendant/Third-Party Plaintiff CLA Commercial Cleaning, LLC ("CLA") in the above referenced action. We respectfully submit this letter, on behalf of CLA, pursuant to Your Honor's August 10, 2018 Status Report Order directing counsel to "file an updated status report letter by August 24, 2018, regarding the Second Amended Complaint."

As Your Honor may recall, on July 10, 2018, the Court directed Plaintiff Qinghai Zeng ("Plaintiff") to serve a proposed second amended complaint upon CLA by July 17, 2018 in order to, *inter alia*, cure certain inconsistencies in Plaintiff's first amended complaint (Dkt. No. 19), which the Court had identified. In doing so, the Court further provided that CLA would have until July 24, 2018 to advise the Court whether it objected to Plaintiff's proposed pleading. If CLA objected, the parties would be required to submit a briefing schedule for Plaintiff's motion for leave to amend.

On July 24, 2018, CLA's now former counsel, Benjamin E. Stockman, Esq.,[1] advised the Court by letter that, *inter alia*, "CLA objects to the SAC because it fails to cure the contradictions in paragraphs 31 and 37." (*See* Dkt. Nos. 26 and 28) In addition, because CLA believed that briefing on Plaintiff's proposed second amended complaint would not be the most efficient use of judicial resources, CLA requested that, "as an alternative . . . the Court order Plaintiff to amend its pleading one final time to cure the deficiencies in paragraphs 31 and 37, and, in turn, allow CLA one week to review the revised SAC and inform the Court whether it considers it to be objectionable." (*Id.*)

---

[1] On July 30, 2018, CLA's lead counsel Brian J. Turoff left Venable LLP and joined Manatt, Phelps & Phillips, LLP ("Manatt"). As such, the instant matter has been transferred to Manatt.

# manatt

Honorable Steven M. Gold
August 24, 2018
Page 2

By Text Order on July 25, 2018, the Court ordered that "[o]n or before August 3, 2018, plaintiff may file a proposed Third Amended Complaint in response to defendants' letter dated July 24, 2018, or submit a letter explaining why he should be permitted to file his current proposed Second Amended Complaint."

Despite the Court's Text Order, Plaintiff did not submit either a proposed third amended complaint or a letter explaining why she should be permitted to file her then-current proposed second amended complaint by August 3, 2018. Instead, on August 9, 2018, after defense counsel advised Plaintiff's counsel that, among other things, Plaintiff had missed the Court's August 3, 2018 deadline, Plaintiff's counsel submitted a letter to the Court, which, *inter alia*, requested that the Court allow the parties additional time to resolve the issues with respect to Plaintiff's proposed second amended complaint. As set forth above, shortly thereafter, on August 10, 2018, the Court directed counsel to file an updated status report letter by August 24, 2018.

Since that time, we have exchanged communications with Plaintiff's counsel regarding proposed revisions to Plaintiff's pleading, none of which appear to resolve the factual inconsistencies in Plaintiff's pleading. For example, in our last communication, by email on Tuesday, August 21, 2018, we noted, *inter alia*, that:

> [T]o the extent paragraph 33 still alleges that, "[a]t all relevant times, Plaintiff was *not paid at all* for the additional day or eight and a half (8.5) hours he worked once every four (4) weeks" (emphasis added), it is inconsistent with the allegation in paragraph 35 that "*[a]t all relevant times*, however, *Plaintiff was instead paid at three (3) rates*: twelve dollars ($12) an hour in check; eight dollars ($8) an hour in cash; and nine dollars ($9) an hour in cash." (emphasis added) More specifically, if Plaintiff was paid at three rates at all relevant times (as you allege in paragraph 35), then it simply cannot also be the case that (as you allege in paragraph 33) Plaintiff was not paid at all for the additional day or eight and a half hours purportedly worked once every four weeks.

To date, we have received no response to this August 21, 2018 email, and, for that matter, no further response of any kind from Plaintiff's counsel.

# manatt

Honorable Steven M. Gold
August 24, 2018
Page 3

      In view of the foregoing, we defer to Your Honor's discretion on how best to proceed with respect to Plaintiff's proposed amended pleading. We thank the Court for its time and continuing attention to this matter.

                                              Respectfully submitted,

                                              Samantha J. Katze

cc:    All counsel (via ECF)